**Sandra Little COVINGTON, et al., Plaintiffs,**

**v.**

**The STATE of North Carolina, et al., Defendants.**

**1:15CV399**

United States District Court, M.D. North Carolina.

Signed 07/31/2017

Anita S. Earls, Durham, NC, Allison Jean Riggs, Adam Stein, Tin Fulton Walk-

er & Owen, PLLC, Chapel Hill, NC, Caroline P. Mackie, John Ward O'Hale, Edwin M. Speas, Jr. Poyner Spruill, LLP, Raleigh, NC, for Plaintiffs.

Alexander McClure Peters, N.C. Department of Justice, Thomas A. Farr, Michael Douglas Mcknight, Phillip John Strach, Ogletree Deakins Nash Smoak & Stewart, P.C. Raleigh, NC, for Defendants.

## ORDER

Thomas D. Schroeder

In a Memorandum Opinion entered August 15, 2016, this Court held that twenty-eight North Carolina State House and Senate districts (the "Subject Districts") are racial gerrymanders in violation of the Equal Protection Clause of the United States Constitution. (Docs. 123, 125.) Although declining to order modifications to the challenged districts prior to the fast-approaching November 2016 election, the Memorandum Opinion and accompanying Order enjoined the State from "conducting any elections for State House and State Senate offices after November 8, 2016, until a new redistricting plan is in place," (Doc. 125, at 1), and "order[ed] the North Carolina General Assembly to draw remedial districts in their next legislative session to correct the constitutional deficiencies in the Enacted Plans," (Doc. 123, at 163). Separately, the Court ordered the parties to submit supplemental briefing addressing "the appropriate deadline for the North Carolina legislature to draw new districts" and "whether additional relief would be appropriate before the regularly scheduled elections in 2018." (Doc. 124, at 1.)

Upon consideration of these submissions, the Court issued an order on November 29, 2016, directing the General Assembly to draw new districting plans by March 15, 2017. (Doc. 140, at 5.) This order further required the State to hold special primary and general elections using a constitutionally adequate districting plan no later than "late August or early September" and "early November," respectively. (Doc. 140, at 7.) Rather than submit a proposed redistricting plan, however, Defendants sought and obtained a stay of this Court's November 29, 2016, order pending review of the merits of Plaintiffs' constitutional claims in the Supreme Court of the United States. North Carolina v. Covington, — U.S. —, 137 S.Ct. 808, 196 L.Ed.2d 594 (2017) (mem.).

On June 5, 2017, the Supreme Court unanimously affirmed this Court's judgment that the existing legislative districts violate the constitutional rights of North Carolina voters. North Carolina v. Covington, — U.S. —, 137 S.Ct. 2211, 198 L.Ed.2d 655 (2017) (mem.). In a separate per curiam order and opinion, the Supreme Court vacated this Court's November 29, 2016, remedial order and remanded the case to permit this Court to conduct a more fulsome analysis regarding whether special elections are warranted. North Carolina v. Covington, — U.S. —, 137 S.Ct. 1624, 198 L.Ed.2d 655 (2017) (per curiam).

Following the Supreme Court's decisions, Plaintiffs moved this Court to establish a time line for adoption of a new redistricting plan and to establish an expedited schedule for deciding whether additional remedial relief is warranted, including whether this Court should order a special election. (Docs. 150, 151, 152.) On July 13, 2017, this Court set Plaintiffs' motions for hearing on July 27, 2017, and invited the parties to provide evidence, briefing, and argument regarding all issues relevant to remedying the constitutional violation. (Doc. 165.)

In briefing and at argument, Plaintiffs requested that this Court: (1) permit the North Carolina General Assembly two more weeks, until August 11, 2017, to enact remedial districts to remedy the constitutional violations and (2) order a special election using constitutionally adequate districts before the General Assembly reconvenes for its 2018 legislative session on May 16, 2018. (Doc. 173, at 1.) Defendants State of North Carolina and North Carolina Board of Elections took no position on Plaintiffs' proposed remedies. (Doc. 162, at 2.) Defendants Senator Berger, Senator Rucho, Representative Moore, and Representative Lewis (the "Legislative Defendants") proposed November 15, 2017, as the deadline for the General Assembly to enact remedial districts. Legislative Defendants also opposed Plaintiffs' request that this Court order a special election. (Doc. 161, at 2.)

As will be explained more fully in a forthcoming memorandum opinion, we deny Plaintiffs' request for a special election.

Regarding the timeline for the General Assembly to enact remedial districts, Plaintiffs make four principal arguments in support of their two-week deadline. First, Plaintiffs emphasize that fifty weeks have passed since this Court found that the Subject Districts are unconstitutional racial gerrymanders, meaning that the General Assembly already has had ample opportunity to draw new districts. (Doc. 156, at 16.) Second, Plaintiffs offered evidence and continue to maintain that the absence of new districts makes it difficult for prospective legislative candidates to decide whether to run, raise money, and begin campaigning because those candidates do not know in which district they will be eligible to run or whom their prospective constituents and opponents will be. Third, Plaintiffs note that their proposed deadline is consistent with N.C. Gen. Stat. § 120–2.4, pursuant to which the General Assembly is afforded two weeks to remedy any defect identified by North Carolina courts in a state legislative or congressional districting plan. (Doc. 173, at 4.) Finally, Plaintiffs assert that their proposed timeline is administratively and legislatively feasible because the General Assembly was able to redraw and enact new legislative districting plans within two weeks of the Supreme Court of North Carolina's decision in Stephenson v. Bartlett, 355 N.C. 354, 562 S.E.2d 377 (2002), which held the General Assembly's 2001 state legislative districting plan void in its entirety. (Doc. 173, at 3–4 (citing Stephenson v. Bartlett, 357 N.C. 301, 582 S.E.2d 247, 248–49 (2003)).)

By contrast, Legislative Defendants assert that Plaintiffs' proposed August 11, 2017, deadline will provide them with insufficient time to conduct public hearings and engage in the robust deliberations necessary to develop districting plans that fully remedy the constitutional violations in the 2011 districting plans. To that end, Legislative Defendants represented to the Court that the North Carolina Senate Redistricting Committee (the "Senate Redistricting Committee") and the North Carolina House Redistricting Committee ("House Redistricting Committee") intend to hold public hearings throughout the State to receive comment on both the proposed criteria to be used in drawing the maps and the proposed remedial districting maps subsequently drawn in accordance with those criteria.

We agree with Plaintiffs that the General Assembly already has had ample time to enact a remedial districting plan. Indeed, the General Assembly has been in session several times since the Court entered its Order directing the General Assembly to draw new districts in August 2016. We also

agree that constitutionally adequate districts should be enacted as quickly as possible to protect the rights of North Carolina citizens and to minimize any chilling effect on political participation attributable to the continued absence of a districting plan in the face of a finding of unconstitutional racial gerrymandering.

At the same time, we recognize the legislature's right to draw the new districts in the first instance, if it will do so in a timely fashion. We do not disagree with Legislative Defendants that there are many benefits to a time line that allows for the General Assembly (1) to receive public feedback on the criteria to be used in drawing the remedial districts and proposed remedial districting plans applying those criteria; (2) to revise the proposed plans based on that feedback; and (3) to engage in robust deliberation. Although we appreciate that Legislative Defendants could have been gathering this information over the past months and weeks, Plaintiffs' two-week schedule does not provide the General Assembly with adequate time to meet their commendable goal of obtaining and considering public input and engaging in robust debate and discussion. Therefore, we prefer to give the legislature some additional time to engage in a process substantively identical to the one they have proposed.

That being said, Legislative Defendants have offered no evidence to support their contention that they need three-and-a-half more months to remedy the constitutional violations identified by this Court almost a year ago, nor have they offered any evidence that they have not begun to evaluate what the revised districts might look like. Not all districts need to be redrawn, and the General Assembly's expert indicates that the relevant Whole County Groupings required to comply with state law already have been determined, rendering the task

of drawing remedial district plans less onerous.

The General Assembly's failure to comply with this Court's August 2016 Order or to take any apparent action since the Supreme Court unanimously affirmed this Court's judgment tends to indicate that the General Assembly does not appreciate the need to move promptly to cure the unconstitutional racial gerrymanders in the 2011 districting plans. Moreover, Legislative Defendants' proposed November 15, 2017, deadline would interfere with the ability of potential candidates to prepare for the upcoming 2018 general election. And, finally, Legislative Defendants' proposal would not allow adequate time prior to the candidate filing deadline for the 2018 election for this Court (1) to review the General Assembly's enacted remedial district plans, and (2) if the enacted plans prove constitutionally deficient, to draw and impose its own remedial plan.

Accordingly, this Court will extend the time for the General Assembly to adopt and enact remedial districting plans to September 1, 2017. This is twice as long as the General Assembly has when a state court orders redistricting, is over a year after this Court ordered the legislature to redistrict, and is almost three months after the Supreme Court upheld this Court's order finding the existing districts to be unconstitutional racial gerrymanders.

If the Senate Redistricting Committee and the House Redistricting Committee (1) publicly disclose the criteria to be used in drawing the remedial districts, (2) draw and publicly disclose proposed remedial districting plans applying those criteria and remedying the constitutional deficiencies with the Subject Districts, and (3) make public a method and process for receiving comments and evidence from the public and other legislators on or before August 21, 2017, the Court will, upon mo-

tion filed by the Legislative Defendants no later than that date, extend this deadline to September 15, 2017.

In sum, it is ORDERED that:

1. Plaintiffs' motion that this Court order a special election is DENIED.

2. The General Assembly shall have until 5 p.m. on September 1, 2017, to enact new House and Senate districting plans remedying the constitutional deficiencies with the Subject Districts.

3. Within seven days after enactment of remedial House and Senate districting plans, the State shall file with the Court the newly enacted House and Senate districting plans, along with:

   a. transcripts of all committee hearings and floor debates;

   b. the "stat pack" for the enacted plans;

   c. a description of the process the Senate Redistricting Committee, House Redistricting Committee, and General Assembly followed in enacting the new plans, including the identity of all participants involved in the process;

   d. any alternative district plans considered by the Senate Redistricting Committee, House Redistricting Committee, or the General Assembly;

   e. the criteria the Senate Redistricting Committee, House Redistricting Committee, and General Assembly applied in drawing the districts in the new plans, including the extent to which race was a factor in drawing any district in which the black voting age population ("BVAP") is greater than 50%; and

   f. as to any district with a BVAP greater than 50%, the factual basis upon which the General Assembly concluded that the Voting Rights Act obligated it to draw the district at greater than 50% BVAP.

4. No later than 5 p.m. on September 15, 2017, the Plaintiffs may file objections to any newly enacted remedial districting plans and submit alternative remedial plans.

5. Within seven days after Plaintiffs file any objections to the enacted remedial plans, Defendants may file responses to any such objections.

6. Any citizen having established their residence in a House or Senate district modified by the General Assembly under the remedial redistricting plans as of the closing day of the filing period for the 2018 election in that district, shall be qualified to serve as Senator or Representative if elected to that office, notwithstanding the requirement of Sections 6 and 7 of Article II of the North Carolina Constitution, which provide that each Senator and Representative, at the time of their election, shall have resided "in the district for which he is chosen for one year immediately preceding his election."

7. Any party aware of any change in law or circumstances impacting the schedule for the 2018 North Carolina House and Senate elections, this remedial process, or otherwise relating to these proceedings shall promptly notify the Court of such change.

8. Upon filing of a motion no later than 5 p.m. on August 21, 2017, supported by evidence that Legislative Defendants (1) publicly disclosed the criteria to be used in drawing the reme-

dial districts, (2) drew and publicly disclosed proposed remedial districting plans applying those criteria and remedying the constitutional deficiencies with the Subject Districts, and (3) made public a method and process for receiving comments and evidence from the public and other legislators, the Court will extend these deadlines for fourteen days. No response from Plaintiffs is authorized, subject to further Order of the Court.